UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
MARTIN J. WALSH, Secretary of Labor,                :
United States Department of Labor,                  : **COMPLAINT**
                                                    :
            Plaintiff,                              : Civil Action No. 22-cv-1085
      v.                                            :
                                                    :
ALLBOROGH PERSONAL CARE, INC., and
JOSEPHINE PRINSTON, Individually,                   :
                                                    :
            Defendants.                             :
-----------------------------------------------------------------

# INTRODUCTION

Plaintiff MARTIN J. WALSH, Secretary of Labor, United States Department of Labor (the "Secretary" or "Plaintiff"), by and through undersigned counsel, brings this action under Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (the "Act" or the "FLSA"), alleging that ALLBOROGH PERSONAL CARE Inc. ("Allborogh"), and JOSEPHINE PRINSTON ("Prinston") (collectively, "Defendants") willfully violated Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Act, to recover back wages and liquidated damages, to enjoin acts and practices that violate the provisions of the FLSA, and to obtain other appropriate relief.

Defendants, who operate a home care agency, willfully broke the law by intentionally misclassifying their home care aides ("aides") as independent contractors in an attempt to evade the minimum wage, overtime, and record keeping requirements of the FLSA. Allborogh's home care aides provide services including meal preparation, hygiene assistance, errands, household cleaning, and elder care to clients in New York City and Long Island. Some of Allboroghs' clients require around-the-clock care. Accordingly, aides often work multiple 24 hour shifts in a week,

1

and as many as 7 shifts per week. Despite these long hours, Defendants knowingly and systematically fail to pay their employees overtime premiums for hours worked in excess of 40 per week. Moreover, during some weeks, Defendants fail to pay their employees the required minimum wage and, in some instances fail to pay aides any wages at all.

Since at least February 28, 2019, through the present, (the "relevant time period"), Defendants have paid employees using at least two different schemes that violate the FLSA: When aides work 24 hour shifts, Defendants pay a flat day rate without any overtime premiums, regardless of how many hours aides actually work. Aides who work 24-hour shifts usually cannot leave their clients alone to take breaks or sleep, except when their clients sleep. When aides work shorter hourly shifts, generally less than 13 hours per day, Defendants pay the same hourly rate for all hours worked, regardless of whether aides work more than 40 hours per week. Moreover, Defendants flagrantly violate the FLSA's minimum wage requirements by failing to pay aides any wages at all during certain weeks. Defendants also violate the Act by failing to keep accurate records of hours worked.

## JURISDICTION AND VENUE

1. Jurisdiction over this action is properly conferred upon this Court by Section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

2. Venue is proper in the United States District Court for the Eastern District of New York because a substantial part of the events and/or omissions giving rise to the claims herein occurred in this District. 28 U.S.C. §1391(b)(2).

## FACTUAL ALLEGATIONS

### The Parties

*Plaintiff*

3. Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor, is vested with authority to file suit to restrain violations of the FLSA and recover back wages and liquidated damages and is the proper plaintiff for this action.

*The Corporate Defendant*

4. Defendant Allborogh is a New York corporation, having its principal place of business at 300 Cadman Plaza West, Brooklyn, NY, 11201 within the jurisdiction of this Court.

5. Allborogh is a home care agency which provides elder and personal care services to clients in New York City and Long Island.

6. The services Allborogh home aides provide include meal preparation, hygiene assistance, errands, accompaniment to appointments, and household cleaning and chores.

7. Allborogh regulates the employment of all persons employed by it, acts directly and indirectly in the corporation's interest in relation to the employees, and thus is an employer of the employees within the meaning of Section 3(d) of the FLSA.

*The Individual Defendant*

8. Defendant Prinston is the President of Allborogh.

9. Prinston is the sole owner of Allborogh.

10. Prinston is in active control and management of Allborogh.

11. Prinston regulates the employment of persons employed by Allborogh.

12. Prinston has the authority to hire employees at Allborogh.

13. Prinston interviews and hires Allborogh employees.

14. Prinston has the authority to fire employees at Allborogh.

15. Prinston has the authority to supervise employees at Allborogh.

16. Prinston supervises employees at Allborogh.

17. Prinston has the authority to control employees' hours of work at Allborogh.

18. Prinston has the authority to determine employees' compensation at Allborogh.

19. Prinston determines employees' compensation at Allborogh.

20. Prinston signs Allborogh's paychecks to employees.

21. When questions arise about pay, care coordinators instruct home aides to contact Prinston.

22. In November 2020, Prinston held a conference call with employees regarding Defendants' failure to pay compensation. Prinston promised to pay employees their outstanding wages before the holidays. Despite those promises, Defendants did not pay aides for months.

23. Prinston conducts orientation for new employees.

24. Prinston acts directly and indirectly in the interest of Allborogh in relation to the employees and is therefore an employer of the employees within the meaning of Section 3(d) of the Act.

25. Upon information and belief, Prinston resides in Brooklyn, New York, within the jurisdiction of this Court.

**Defendants' Employees Affect Commerce**

26. Defendants employ home care aides.

27. Home care aides are domestic service employees as prescribed by 29 C.F.R. Part 552.

28. Employment of persons in domestic service in households affects commerce.

29 U.S.C. § 202(a). Thus, Defendants' domestic service employees are and were covered employees under Section 2(a) of the Act.

### Defendants' Aides are Economically Dependent on Defendants and are Employees under the Act

29. Defendants' home care aides are entirely economically dependent on Defendants.

30. Home care aides' work is integral to Defendants' business.

31. Without the services provided by aides, Defendants would not be able to provide care services to its clients.

32. Nevertheless, Defendants misclassify their home care aides as independent contractors in a scheme designed to avoid paying required overtime premiums to aides who worked more than 40 hours per week.

33. Defendants determine the aides' compensation by setting their hourly or daily rates of pay.

34. Aides do not and are not allowed to negotiate their rates of pay.

35. Aides have no opportunity to increase their profits or to take a loss based upon skill set.

36. Aides typically do not work for other employers.

37. Defendants exercise control over the manner and means through which aides perform their work.

38. Defendants control the day-to-day working conditions of the aides.

39. For example, Defendants assign aides to work in the homes of Defendants' specific clients.

40. During at least part of the relevant period, Defendants set the schedules for aides and required them to sign-in and sign-out of a time-keeping app called "Pay Clock".

41. During at least part of the relevant time period, Defendants' required aides to verify their whereabouts by signing in the Pay Clock app which uses GPS to identify their physical location.

42. At times, Defendants require aides to complete a "Time and Activity Record," reporting the tasks completed for the client and the days in which aides complete the tasks, and return it to Defendants' office.

43. Defendants do not pay aides if they forget to clock in or if they do not submit the "Time and Activity Record."

44. Aides are not registered as independent businesses, and do not advertise their services.

45. Aides make little or no investment in the equipment or materials required for their work.

46. Defendants' relationship with aides are for indefinite periods of time and often last more than a year.

47. Thus, the aides are, as a matter of economic reality, "employees" of Defendants within the meaning of Section 3(e)(1) of the Act, 29 U.S.C. § 203(e)(1).

.

## Defendants' Prohibited Pay Practices

*Defendants Failed to Pay Required Minimum Wage and Overtime Premiums*

48. Defendants' aides regularly work more than 40 hours each week, and often work 80 hours and sometimes more.

6

49. Defendants pay aides using at least two different schemes, both of which result in FLSA violations.

50. In one scheme, Defendants pay aides a flat day rate, usually between $140-$158, for shifts of up to 24 hours.

51. In such instances, Defendants pay the same flat day rate, regardless of how many hours aides actually work on a given day or in a given week.

52. During the relevant time period, aides regularly work three to five 24-hour shifts, which result in workweeks substantially longer than 40 hours, and sometimes as many as seven 24 hour shifts in a single workweek.

53. For example, during the two-week period from May 17, 2020 to May 30, 2020, Defendants' records reflect that an aide worked 19-20 hour shifts fourteen days in a row for a total of approximately 280 hours or 140 hours per week. Defendants' records reflect that for the same two-week period, Defendants paid the aide a day rate of $120 per day for a total of $1680 without any overtime compensation.

54. By paying a flat day rate without regard to the hours worked, Defendants fail to pay their aides the required overtime compensation for hours worked over 40 per week.

55. In another scheme, Defendants pay aides the same hourly rate, usually between $13-$15, for all hours worked, regardless of how many hours aides work in a workweek.

56. By paying aides the same hourly rate for all hours worked, Defendants do not compensate aides overtime at one and one-half times their regular hourly rate for hours worked over forty in a workweek.

57. For example, during the two-week period from June 30, 2019 to July 13, 2019, Defendants' records reflect that an aide worked every day for approximately 7-8 hours for a total

of about 98 hours or approximately 49-50 hours per week. Defendants' records also reflect that for the same two-week period, Defendants paid the aide a total of $980 without overtime compensation.

58. As another example of Defendants' violative pay practices, between the weeks ending August 17, 2019 and October 19, 2019, Defendants' time records reflect that an aide worked between 49-68 hours each workweek.

59. Similarly, between the weeks ending July 13, 2019 and February 22, 2020, Defendants' time records show that an aide worked between 49-89 hours each work week.

60. Likewise, between the weeks ending May 18, 2019 and August 29, 2020, Defendants' time records show that an aide worked between 49-115 hours each week, which included multiple twenty-plus hour shifts.

61. In the preceding examples, Defendants failed to pay time-and-one-half of the employees' regular rate for hours worked exceeding 40 hours each week.

62. Further, in workweeks where the weekly pay divided by the weekly hours worked falls below $7.25 per hour, Defendants fail to pay their employees the statutory minimum wage.

63. For example, in the example in paragraph 53, Defendants' records reflect that they paid the aide a total of $1680 for a total of 280 hours over a two-week period, or approximately $6 per hour, thereby violating the statutory minimum wage.

64. For some weeks during the relevant period, Defendants did not pay their aides any wages at all, thereby violating the minimum wage and, in some instances, the overtime requirements of the Act.

65. Defendants maintained the same or substantially the same unlawful pay practices for aides throughout the relevant time period.

### Defendants' Recordkeeping Violations

66. Defendants do not maintain and preserve adequate and accurate records of aides' pay and hours worked as prescribed by 29 C.F.R. Part 516.

67. Specifically, Defendants do not maintain and preserve records of details including but not limited to the following:

   i. Hours worked each workday and total hours worked each workweek;
   ii. Total daily or weekly straight-time earnings or wages due.
   iii. Time of day and day of week on which the employee's workweek begins;
   iv. Regular hourly rate of pay for any workweek in which overtime compensation is due.

### Defendants' Violations are Willful

68. Defendants know of their obligations to pay their employees in compliance with the FLSA and to keep accurate time and pay records.

69. For example, Defendants have a written policy stating, "There is no overtime, the agency prohibits any employee from working more than 40 hours per week."

70. Despite this policy, Defendants knowingly direct aides to work for hours far exceeding 40 per week.

71. As evident from Defendants' time records, Defendants know aides regularly work over 40 hours per week.

72. Defendants intentionally misclassify their aides as independent contractors in an attempt to avoid the requirements of the FLSA.

73. Defendants actions are willful within the meaning of the statute.

## FIRST CAUSE OF ACTION
**Violation of Sections 7 and 15(a)(2) of the FLSA, Failure to Pay Overtime**

74. The Secretary incorporates by reference and re-alleges the foregoing allegations in the Complaint.

75. Defendants have willfully violated Sections 7 and 15(a)(2) of the Act by employing aides in domestic service for workweeks longer than 40 hours without compensating the employees at a rate of at least time and one half their regular rate for hours worked in excess of 40 per week.

76. Therefore, Defendants are liable for unpaid overtime compensation owed to their aides under Section 7 of the Act and an additional equal amount as liquidated damages pursuant to Section 16(c) of the Act, or in the event that liquidated damages are not awarded, overtime compensation and prejudgment interest under Section 17 of the Act.

## SECOND CAUSE OF ACTION
**Violations of Sections 6 and 15(a)(2) of the FLSA, Failure to Pay Minimum Wage**

77. Defendants have willfully violated Sections 6 and 15(a)(2) of the Act by failing to pay any wages to aides for some weeks.

78. Defendants have willfully violated Sections 6 and 15(a)(2) of the Act by employing aides in domestic service without compensating the employees the statutory minimum wage rate.

68. Therefore, Defendants are liable for unpaid minimum wages owed to their Aides under Section 6 of the Act and an additional equal amount as liquidated damages pursuant to Section 16(c) of the Act, or in the event that liquidated damages are not awarded, minimum wages and prejudgment interest under Section 17 of the Act.

## THIRD CAUSE OF ACTION
### Violation of Sections 11(c) and 15(a)(5) of the FLSA, Failure to Keep Records

69. The Secretary incorporates by reference and re-alleges the foregoing allegations in the Complaint.

70. Defendants have willfully violated the provisions of Sections 11(c) and 15(a)(5) the Act in that Defendants have failed to make, keep, and preserve adequate and accurate records as prescribed by 29 C.F.R. part 516.

.

**WHEREFORE**, cause having been shown, Plaintiff respectfully prays for judgment against Defendants providing the following relief:

(1) An injunction issued pursuant to Section 17 of the Act permanently restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with defendants, from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act;

(2) An order pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wages and overtime compensation found due Defendants' employees listed on the attached Exhibit A and an equal amount of liquidated damages (additional minimum wages, overtime compensation, and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the relevant time period);

(3) In the event liquidated damages are not awarded, an order pursuant to Section 17 of the Act restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid minimum wage and overtime compensation found due Defendants' employees and prejudgment interest

computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

    (4)    An order compelling Defendants to reimburse the Secretary for the costs of this action; and

    (5)    An order granting such other relief as the Court may deem necessary or appropriate.

DATED:    March 1, 2022
                New York, NY

                              SEEMA NANDA
                              Solicitor of Labor

                              JEFFREY S. ROGOFF
                              Regional Solicitor

                              s/ Ndidi N. Menkiti
                              NDIDI N. MENKITI

                              U.S. Department of Labor
                              Office of the Solicitor
                              201 Varick Street, Room 983
                              New York, NY 10014
                              Tel.: 646.264.3640
                              Fax: 646.264.3660
                              Email:
                              Menkiti.ndidi.n@dol.gov
                              NY-SOL-ECF@dol.gov
                              *Attorneys for the Secretary of Labor, Martin J. Walsh*

**EXHIBIT A**

| First Name | Last Name |
| --- | --- |
| Peter Damilola | Abayomi |
| Rukayat | Abdulrasak |
| Juliana | Achikanu |
| Sukyrat Bolanle | Adegboye |
| Fatoke | Adekemi |
| Abiodun | Ademoye |
| Ekeloma | Admie |
| Lydia | Afejuku |
| FolaSade | Afolabi |
| Olufunmilayo | Afolayan |
| Oluwaseyi | Ahibignan |
| Sherifat | Ajibade |
| Eniola | Ajose |
| Abiola | Akinboye |
| Omotola | Akinkunmi |
| Abolanle Omolara | Akinsanya |
| Tawakalit | Akorede |
| Adijat Tunrayo | Alli |
| Ann | Alozie |
| Basirat | Aminu |
| Titilayo | Anjorin |
| Ruth | Asuenimhen |
| Abimbola | Awofiranye |
| Modupe | Awofusi |
| Folayemi | Ayodele |
| Sylvian | Azuomah |
| Deborah | Braswell |
| Damaris | Brown |
| Chukwu | Cecilia |
| Victoria Adigwe | Chekwube |
| Donald | Clark |
| Evelyn | Contreras |
| Oluwatoyin | Dada |
| Cole | Diana |
| Marian | Ebiguele |

| | |
|---|---|
| Victoria Imoh | Ebong |
| Ayo Goretti | Edobor |
| Omololu | Egbeyemi |
| Rasheedat | Egunlage |
| Aina | Eletu |
| Pamela | Enabunlele |
| Gloria | Ernest |
| Evelyn | Esan |
| Olushola | Ewumi |
| Benita | Exinor |
| Abosede Olayinka | Falowo |
| Rosanette | Faustin |
| Adeyemi | Febishola |
| Oladunni | Funmilayo |
| Ronke Juliet | Gafar |
| Bolanle | Gbadebo |
| Belinda | Georges |
| Kadian | Gilbert |
| Adekunle Janet | Idowu |
| Charity | Igbinedion |
| Esther | Ikhile |
| Mary | Inyang |
| Jody Ann | James |
| Bibiana | James-Scott |
| Sade | Jayeola |
| Mosunmola | Jibowu |
| Abosede | Jimoh |
| Nwuzo Esther | Jovia |
| Igho | Joy |
| Samake | Kadiatou |
| Uzoeshi | Kanayo |
| Kudirat Bolane | Kareem |
| Funmilayo | Kudaisi |
| Mojisade | Kujembola |
| Margaret | Kuyoro |
| Modinat | Lamar |
| Hilts | Levene |
| Mary | Lion |
| Esther | Madu |
| Olasunmo | Makunjuola |

14

| | |
|---|---|
| Ogochukwu | Miller Jr. |
| Charisma | Mitchell |
| Ajiboye | Modinat |
| Caroline | Morris |
| Amie | Ndow |
| Victor | Nsofor |
| Ijeoma | Nwaeme |
| Ebele | Nwangu |
| Vivian Emeka | Nwosu |
| Calister | Obi |
| Agnes | Odia |
| Durodola | Odunayo |
| Comfort | Odupele |
| Jeremiah | Ogunlade |
| Beatrice | Okonofua |
| Catherine | Okoye |
| Onikoyi | Olatoun Sherigat |
| Oluwayemisi | Olatunde |
| Adedayo | Oloyi |
| Jumoke | Olubiyi |
| Risikat | Olugbobe |
| Olukemi | Olukoya |
| Samson | Olushola |
| Jadesimi | Omobola |
| Ayoola Bolajoko | Omolara |
| Adetunji | Omoyeniola |
| Fataj Olatunji | Onabanjo |
| Joy | Onaghinor |
| Nosa | Onaiwu |
| Adeleke Christiana | Opeyemi |
| Abigail | Orji |
| Susan | Osagied |
| Mariam | Osediameh |
| Basirat Folasade | Oseni |
| Oluyemi | Oshinaike |
| Oluwatoyin | Osunkoya |
| Damilola Abayomi | Peter |
| Josephine | Popoola |
| Nakia | Powel |
| Moriamo | Pratt |

15

| | |
|---|---|
| Adesanya | Ramat |
| Lawal | Ranti |
| Omoba | Rita |
| Arlene | Roderigues |
| Hermese | Rogers |
| Obayi | Rosabel |
| Olubanjo | Sekinat |
| Dionne | Senior |
| Biola | Shokoya |
| Norda | Smith |
| Titilayo | Sogbesan |
| Laide | Soyombo |
| Adeola Aminat | Taiwo |
| Esther Balogun | Taiwo |
| Folake Ajoke | Taiwo |
| Lavern | Thomas |
| Raphy | Tineo |
| Ifeyinwa | Udeka |
| Lfyval | Udeka |
| Faith Daramola | Uwa |
| Joy | Uzoalara |
| Maledo | Uzoma |
| Carmen | Vazquez |
| Marie | Winchelle-Chaperon |
| Tilsa | Wright |